**Hearing Date: June 4, 2019 at 10:00 a.m.**
**Objection Deadline: May 28, 2019 at 4:00 p.m.**

Jil Mazer-Marino, Esq.
Michael Kwiatkowski, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
jmazermarino@msek.com
mkwiatkowski@msek.com

*Proposed Counsel to Jil Mazer-Marino, the Chapter 7 Trustee*
*for the Estate of Rance Andrew MacFarland, Jr.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **RANCE ANDREW MACFARLAND, JR.,** | **Case No. 19-10061 (MEW)** |
| **Debtor.** | |

-----------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DIRECTING DEBTOR'S**
**BANKRUPTCY ATTORNEY TO TURN OVER ALL NON-PRIVILEGED**
**RECORDS RELATED TO THE DEBTOR'S BANKRUPTCY CASE**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Jil Mazer-Marino, the interim chapter 7 trustee (the "**Trustee**") for the chapter 7 estate of Rance Andrew MacFarland, Jr. (the "**Debtor**"), by her proposed counsel, Meyer, Suozzi, English & Klein, P.C., as and for the *Chapter 7 Trustee's Motion for Order Directing Debtor's Bankruptcy Attorney to Turn Over All Non-Privileged Records Related to the Debtor's Bankruptcy Case*, respectfully represents as follows.

## JURISDICTION AND STATUTORY PREDICATE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408. The statutory predicate for the relief requested is sections 105(a) and 542(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## FACTS

2.     On January 7, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.     Anthony M. Vassallo, Esq. of the Law Office of Anthony M. Vassallo (the "**Bankruptcy Counsel**") filed the chapter 11 case on behalf of the Debtor and is counsel of record in this case. Attached to the petition is a list of creditors who hold the 20 largest unsecured claims and Schedule E/F: Creditors Who Have Unsecured Claims. [ECF Dkt. No. 1].

4.     The Debtor failed to file the other required bankruptcy schedules and statements in connection with the chapter 11 case. As such, on February 7, 2019, the United States Trustee moved to convert the chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, alternatively, dismiss the case. [ECF Dkt. Nos. 8-9]. On March 6, 2019, the Debtor's chapter 11 case was converted to a case under chapter 7. [ECF Dkt. No. 11]. On that same date, the Trustee was appointed as the interim chapter 7 trustee for the Debtor's estate. [ECF Dkt. No. 12].

5.     By letters dated March 13, 2019 and April 4, 2019 to Bankruptcy Counsel, the Trustee requested the Debtor to file the remaining required bankruptcy schedules and statement

2

and provide the Trustee with certain financial information and documentation. Bankruptcy Counsel has not responded to the Trustee's correspondence.

6. A 341 meeting of creditors was scheduled for May 6, 2019. [ECF Dkt. No. 13]. Neither the Debtor nor the Bankruptcy Counsel appeared at the May 6, 2019 341 meeting of creditors. The 341 meeting of creditors was adjourned to June 13, 2019 at 1:00 p.m. [ECF Dkt. No. 15].

7. On May 9, 2019, the Debtor emailed the Trustee indicating he was currently residing in Puerto Rico. On May 10, 2019, Trustee's proposed counsel got through and spoke with the Debtor who indicated that he desired his bankruptcy case to be dismissed and stated that he is close to retaining a new attorney. Trustee's proposed counsel followed up with the Debtor but, as of the date of this motion, neither the Trustee nor Trustee's proposed counsel have been contacted by the Debtor's new counsel.

## RELIEF REQUESTED

8. By this Motion, the Trustee seeks an order directing the Bankruptcy Counsel to turn over to the Trustee all non-privileged records concerning the Debtor, including any books, documents, records and papers relating to the Debtor's property or financial affairs. Specifically, this includes, but is not limited to, copies of Debtor's tax returns, pay advices, financial statements (including bank and credit card statements) for all accounts in which the Debtor has an interest or had an interest within one (1) prior to the commencement of this case, and any credit reports concerning the Debtor.

## BASIS FOR RELIEF

9. Bankruptcy Code section 542(e) provides that "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person

3

that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

10. Bankruptcy Counsel has not responded to the Trustee's demands for turnover of records related to the Debtor. Accordingly, the Trustee is seeking an order compelling the Bankruptcy Counsel to turn over any such documents. *See e.g.*, *In re Xiang Yong Gao*, 2017 WL 2544132 (Bankr. E.D.N.Y. June 12, 2017) (granting chapter 7 trustee's motion seeking turnover of documentation from the debtor pursuant to Bankruptcy Code section 542(e)); *In re Tri-O-Clean, Inc.*, 230 B.R. 192 (Bankr. S.D. Florida 1998) (directing turnover of documents pursuant to Bankruptcy Code section 542(e) including any books and records).

11. The Trustee believes Bankruptcy Counsel should have some documents and information concerning the Debtor's financial condition because Bankruptcy Counsel had enough information to prepare the bankruptcy petition, list of 20 largest creditors, and Schedule E/F.

12. At this point, the Debtor has not provided any information concerning his assets and indicated that he is retaining a new attorney but, as of the date of this motion, the new attorney has not contacted the Trustee or Trustee's proposed counsel. Furthermore, it is uncertain whether the Debtor will cooperate with Trustee in obtaining documents and information as he has articulated a desire that the case be dismissed. Accordingly, the Trustee is seeking non-privileged documents and information from Bankruptcy Counsel so she may fulfill her obligations to the estate and its creditors to investigate the financial affairs of the Debtor.

## NOTICE

13. Notice of this motion will be given to the Bankruptcy Counsel, the Debtor (at the address listed in the chapter 11 petition and the address in Puerto Rico provided by the Debtor to Trustee's proposed counsel) and the Office of the United States Trustee. It is submitted that no other or further notice is required.

14. No prior request for this relief has been made to this Court.

**WHEREFORE,** the Trustee requests that the Court grant the Motion and enter an order, substantially in the form attached as **Exhibit A**, compelling the Bankruptcy Counsel to turn over to the Trustee all non-privileged records related to the Debtor and to grant the Trustee such other and further relief as may be just and proper.

Dated: Garden City, New York
 May 17, 2019

 MEYER, SUOZZI, ENGLISH & KLEIN P.C.

 By: /s/ Jil Mazer-Marino
 Jil Mazer-Marino
 Michael Kwiatkowski
 990 Stewart Avenue, Suite 300
 P.O. Box 9194
 Garden City, New York 11530-9194
 Telephone: (516) 741-6565
 Facsimile: (516) 741-6706
 jmazermarino@msek.com
 mkwiatkowski@msek.com

 *Proposed Counsel to Jil Mazer-Marino,*
 *the Chapter 7 Trustee for the Estate of*
 *Rance Andrew MacFarland, Jr.*