Stephen V. Falanga
Sydney J. Darling
**WALSH PIZZI O'REILLY FALANGA LLP**
140 Broadway, 46th Floor
New York, NY 10005
T: 973.757.1100 | F: 973.757.1090
sfalanga@walsh.law
sdarling@walsh.law
*Attorneys for Pizzarotti NY, LLC & Pizzarotti LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RANCE ANDREW MACFARLAND, JR.<br><br>Debtor. | Hearing Date: Aug. 20, 2019 at 10:00 a.m.<br>Objection Deadline: Aug. 13, 2019 at 5:00 p.m.<br><br>Chapter 7<br><br>Case No.: 19-10061-MEW |

**MOTION OF PIZZAROTTI NY, LLC AND PIZZAROTTI LLC TO EXTEND THE TIME TO OBJECT TO DISCHARGEABILITY OF A PARTICULAR DEBT PURSUANT TO FED. R. BANKR. P. 4007(c) AND TO THE DEBTOR'S DISCHARGE PURSUANT TO FED. R. BANKR. P. 4004(b) AND JOINDER IN THE TRUSTEE'S MOTION FOR EXTENSION OF TIME [DOC. 26]**

Pizzarotti NY, LLC, on behalf of itself and as a member of Pizzarotti LLC, and Pizzarotti LLC (collectively, "Pizzarotti"), hereby file this *Motion to Extend the Time to Object to Dischargeability of a Particular Debt Pursuant to Fed. R. Bankr. P. 4007(c) and to the Debtor's Discharge Pursuant to Fed. Bankr. R. 4004(b) and Joinder in the Trustee's Motion for Extension of Time [Doc. 26]* (the "Motion") seeking an order, substantially in the form submitted herewith (the "Proposed Order") extending the deadline by which Pizzarotti may object to the dischargeability of its debt and to the discharge of the above-captioned debtor, Rance Andrew MacFarland, Jr. (the "Debtor"), for approximately ninety (90) days through and including October 4, 2019, consistent with the request for relief filed by the chapter 7 trustee [Doc. 26]. In support

of the Motion, Pizzarotti represents as follows:

## JURISDICTION, VENUE & STATUTORY PREDICATE

1. The court has jurisdiction of this Motion pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (I) & (J).

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicate for this Motion is Rule 4004(c) of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

5. The Debtor is a former owner and Chief Executive Officer of Pizzarotti LLC. (*See* Vinci Declaration at ¶¶3-4.)

6. On October 1, 2018, Pizzarotti filed a lawsuit in the Supreme Court of New York styled *Pizzarott LLC, Plaintiff, v. Rance MacFarland, Defendant*, Index No. 656387/2017 (the "State Court Action"), seeking to enjoin the Debtor from continuing to breach his post-employment covenants and to recover damages it incurred as a result of the Debtor's fraudulent scheme, which included breaches of the Debtor's Employment Agreement, Pizzarotti LLC's Operating Agreement and the Separation Agreement as well as breach of the duty of good faith and fair dealing, breach of fiduciary duty, tortious interference with Pizzarotti LLC's business relationships, unfair competition, unjust enrichment and indemnification, among other things.

7. On January 7, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

8. On March 6, 2019, the case was converted to one under chapter 7 in response to an uncontested motion (the "Motion to Convert") filed by the United States Trustee. (*See* Order

signed on 3/6/2019 converting case to chapter 7 [Doc. 11].)

9.  The Declaration of Benjamin J. Higgins filed in support of the U.S. Trustee's Motion to Convert [Doc. 8] states that, based on the Trustee's review of the Docket and the documents filed in the case, the Debtor has not filed schedules other than Schedule E/F, has not filed a summary of assets and liabilities, a statement of financial affairs, or an affidavit pursuant to Local Bankruptcy Rule 1007-2.

10. The Higgins Declaration also indicates that the Debtor's counsel did not respond to requests for documents and information and an interview from the U.S. Trustee's Office and that the Debtor failed to attend a phone interview and the case conference.

11. On July 3, 2019, the Chapter 7 Trustee (the "Trustee") filed a Motion for Extension of Time to Object to Discharge [Doc. 26].

12. In the Chapter 7 Trustee's motion, the Trustee indicates that on March 13, 2019 and April 4, 2019, she requested the Debtor file his missing schedules and statement of financial affairs and provide the Trustee with certain financial information and documentation.

13. According to the Trustee's motion, the Debtor responded to the Trustee indicating that he was residing in Puerto Rico and that he intended to seek dismissal of his case and retain new counsel.

14. Further according to the Trustee, the Trustee then sought and obtained an Order directing the Debtor's counsel to turn over to the Trustee all non-privileged records concerning the Debtor, including any books, documents, records and papers relating to the Debtor's property or financial affairs.

15. Pizzarotti hereby joins in the Trustee's motion.

16. A review of the docket reveals that the Debtor still has not filed his missing

schedules or a statement of financial affairs or, according to the Trustee's recent motion, provided the Trustee with any information requested by her and is in default of the June 4, 2019 Order.

17. The Trustee indicates she has not been contacted by the Debtor's counsel or new counsel and that no documents have been turned over by counsel in accordance with the June 4, 2019 Order.

18. The Trustee also notes in her motion that the Debtor failed to appear at the 341 meeting of creditors on May 6, 2019 and the continued 341 meeting of creditors on June 13, 2019.

19. According to the limited amount of information contained in the Debtor's petition and Schedule E/F, there will be no funds available for any distribution to unsecured creditors.

20. Since the Debtor separated from his relationship with Pizzarotti, Pizzarotti has learned of a number of disturbing and wrongful acts committed by him while he was acting in partnership with Pizzarotti NY, LLC. (*See* Vinci Declaration at ¶3.)

21. Pizzarotti continues to investigate the wrongdoing committed by the Debtor while employed as Chief Executive Officer of Pizzarotti LLC. (*See* Vinci Declaration at ¶4.)

22. The Debtor failed to respond to discovery requests in the State Court Action. (*See* Vinci Declaration at ¶5.)

23. Due to the Debtor's separation from Pizzarotti LLC, his failure to comply with his separation agreement, and his failure to participate in the State Court Action and the Bankruptcy Case, Pizzarotti requires additional information from the Debtor in order to fully uncover the Debtor's wrongdoing and prosecute its claims against the Debtor.

## **RELIEF REQUESTED AND BASIS THEREFOR**

24. Consistent with the relief requested by the Trustee, Pizzarotti seeks an approximately ninety (90) day extension of time to object to the Debtor's discharge and

dischargeability of its debt, through and including October 4, 2019.

25. Rule 4004(b) of the Federal Rules of Bankruptcy Procedure provides that, "[o]n a motion of any party in interest, after notice and a hearing, the court may for cause extend the time to object to discharge."

26. Similarly, Rule 4007(c), which relates to the determination of the dischargeability of a particular debt, provides that, "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision."

27. "The legal standard for evaluating a request for an extension of time to file a complaint to object to the debtor's discharge under Rule 4004(b), and to file a complaint to determine the dischargeability of a debt under Rule 4007(c), is the same." *In re Chatkhan*, 455 B.R. 365, 367 (Bankr. E.D.N.Y. 2011).

28. Pizzarotti is listed as a creditor of the Debtor on the Debtor's schedules and is therefor a party in interest. "While the term 'party in interest' is nowhere defined in the Bankruptcy Code, the term undoubtedly includes a creditor of the debtor." *Small v. Neighborhood Hous. Servs. of New Haven*, 589 B.R. 31, 34 (D. Conn. 2018) (citing *In re Teligent, Inc.*, 640 F.3d 53, 60 (2d Cir. 2011); *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983)).

29. "Cause" is also not defined in the Code; however, one bankruptcy court in this district has published an opinion that provides some guidance. *See In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003)

30. *Nowinski* sets forth five factors that help "inform the court's discretion" -

> (1) whether the creditor had sufficient notice of the deadline and the information to file an objection, (2) the complexity of the case, (3) whether the creditor exercised diligence, (4) whether the debtor refused in bad faith to cooperate with the creditor, and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issue.

*Id.* at 305-06.

31. While Pizzarotti has had notice of the case and the case is not particularly complex, Pizzarotti's inability to file a substantial complaint objecting to the Debtor's discharge at this time is not due to any lack of diligence on its part, but rather, is due to the Debtor's failure to file schedules and its statement of financial affairs, failure to appear for the meeting of creditors, and general failure to participate in this case or the State Court Action.

32. As set forth by the Trustee in her motion, she is diligently investigating the Debtor's assets and assessing whether the Debtor's failure to cooperate is due to bad faith or the result of insufficient assistance of counsel.

33. Furthermore, there appears to be speculation on the part of the Trustee that the Debtor may be concealing assets, which she is also in the process of investigating.

34. In any event, Pizzarotti does not have the information it needs to fully inform an objection to the Debtor's discharge at this time.

35. For the reasons set forth herein, Pizzarotti joins in the Trustee's motion and submits that cause exists to extend the time to object to the Debtor's discharge.

WHEREFOE, Pizzarotti respectfully requests that the Court enter an order substantially in the form annexed hereto as <u>Exhibit A</u> granting Pizzarotti an extension of time to object to the Debtor's discharge through and including October 4, 2019 and granting Pizzaroti such other and further relief as may be just and proper.

Dated: July 8, 2019

*/s/ Sydney J. Darling*
Sydney J. Darling
WALSH PIZZI O'REILLY FALANGA LLP
140 Broadway, 46th Floor
New York, NY 10005
(973) 757-1100 | sdarling@walsh.law
*Attorneys for Pizzarotti NY, LLC & Pizzarotti LLC*